UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Case No. 17-CR-20296

v.                                      Honorable Thomas L. Ludington

JAMES WERNER,

                Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE
AND MOTION TO SEAL**

On May 3, 2017, Defendant, James Werner, was indicted on one count of interstate transportation of a minor to engage in criminal sexual activity. ECF No. 1. On July 13, 2017, he pled guilty. ECF No. 13. He was sentenced to 130 months imprisonment on November 3, 2017. ECF No. 21. Defendant is currently housed in FCI Milan.

On November 7, 2020, he filed a motion to appoint counsel and a Motion for Compassionate Release. ECF Nos. 23, 24. On November 19, 2020 his motion to appoint counsel was denied. ECF No. 25. The Government responded to his Motion for Compassionate Release on November 30. ECF Nos. 26, 27, 28. Defendant filed a motion for additional time to file a reply, which was granted in part. ECF Nos. 29, 30. On January 6, 2021 Defendant filed a Motion to Seal this Court's order regarding his Motion for Compassionate Release. ECF No. 31. For the following reasons, both his Motion for Compassionate Release and his Motion to Seal will be denied.

**I.**

The United States is facing an unprecedented challenge with the novel coronavirus ("COVID-19") pandemic.

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). In light of the threat posed by COVID-19, Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)—a form of relief often referred to as "compassionate release." Section 3582(c)(1)(A) provides,

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). Accordingly, the threshold question is exhaustion. If exhaustion is found, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement §

1B1.13." *Id.* at 1111. "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *2 (6th Cir. Jan. 6, 2021).

### A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the Bureau of Prisons ("BOP") or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

On August 10, 2020, Defendant filed a request for compassionate release. ECF No. 24 at PageID.188. On September 1, 2020, his request was denied. *Id.* at PageID.189. Accordingly, Defendant has exhausted his administrative remedies.

### B.

The next issue is whether sentence reduction is warranted by "extraordinary and compelling reasons." Because Defendant brings this motion on his own behalf, § 1B1.13 is "inapplicable," and "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *Jones*, 980 F.3d at 1109. Accordingly, courts of this circuit are no longer confined to the considerations outlined in the policy commentary when determining if a defendant's request is extraordinary and compelling, such as whether an inmate

- 3 -

suffers from a "terminal illness" or "serious physical or medical condition." U.S.S.G. § 1B1.13 cmt. n.1.

Despite the lack of express guidance, *Jones* suggests that an inmate may have an extraordinary and compelling reason for release where he suffers from a medical condition identified as a risk factor for COVID-19. *See Jones*, 980 F.3d at 1102 n.6 (holding that inmate's prior exposure to tuberculosis "could be considered an extraordinary and compelling reason for compassionate release" because it "put him at risk of contracting the virus" or "serious long-term health problems" if he had already contracted it). Courts considering the issue post-*Jones* have agreed. *See*, *e.g.*, *United States v. Rucker*, No. 17-20716, 2020 WL 7240900, at *2 (E.D. Mich. Dec. 9, 2020) (HIV and asthma) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. White*, No. 18-20183, 2020 WL 7240904, at *3 (E.D. Mich. Dec. 9, 2020) (BMI of 45.9) (citing *Jones*, 980 F.3d at 1102 n.6); *United States v. Crowe*, No. CR 11-20481, 2020 WL 7185648, at *3 (E.D. Mich. Dec. 7, 2020) (latent tuberculosis, hyperlipidemia, obesity).

More recently, the Sixth Circuit affirmed the denial of compassionate release based on a two-part test for extraordinary and compelling reasons. *See Elias*, 2021 WL 50169, at *3. Under the two-part test in *Elias*, the risk of contracting COVID-19 constitutes an extraordinary and compelling reason "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak."[1] *Id.* (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). The Sixth Circuit also held that the district court, in evaluating the movant's medical conditions, "properly considered the CDC guidance that was in effect at the time," given that "[r]elying on

---

[1] Consistent with *Jones*, the court emphasized that district courts need not apply this definition but that it is within their discretion to do so. *Elias*, 2021 WL 50169, at *4 n.1.

official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at *4.

Defendant argues that he suffers from chronic liver disease and hypercholesterolemia. ECF No. 24 at PageID.173. While he included a letter from his mother corroborating this fact,[2] he did not provide a copy of his medical records to the Court. However, it appears that he did request his medical records from the BOP. ECF No. 28 at PageID.261–62.

According to the CDC, liver disease is a condition that might increase the risk of severe illness from COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/LS7G-HCKY] (last accessed 1/29/2021). Defendant does not have other medical conditions that increase his risk of contracting a severe case of COVID-19. However, the number of inmates who have contracted COVID-19 at Milan is concerning. According to the BOP, 25 inmates and 4 staff are currently diagnosed with COVID-19 and 233 inmates and 76 staff have since recovered. *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus [https://perma.cc/8ZPX-NR8J] (last visited 1/29/2021). Even assuming that Defendant could prove that he suffers from liver disease and that it is sufficient to demonstrate an extraordinary and compelling reason for release, the § 3553(a) factors weigh in favor of Defendant completing his custodial sentence prior to release.

## C.

As stated previously, there is no "applicable policy statement" in this case because Defendant, not the BOP, has moved for compassionate release. Consequently, step two of the § 3582(c)(1)(A) analysis is skipped, and the final issue is whether a sentence reduction is warranted

---

[2] ECF No. 24 at PageID.205.

by the applicable factors set forth in § 3553(a). *See Jones*, 2020 WL 6817488 at \*9. The factors

are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics
> of the defendant;

> (2) the need for the sentence imposed--

>> (A) to reflect the seriousness of the offense, to promote respect for the law,
>> and to provide just punishment for the offense;

>> (B) to afford adequate deterrence to criminal conduct;

>> (C) to protect the public from further crimes of the defendant; and

>> (D) to provide the defendant with needed educational or vocational training,
>> medical care, or other correctional treatment in the most effective manner;

> (3) the kinds of sentences available;

> (4) the kinds of sentence and the sentencing range established for--

>> (A) the applicable category of offense committed by the applicable category
>> of defendant as set forth in the guidelines…

> (5) any pertinent policy statement…

> (6) the need to avoid unwarranted sentence disparities among defendants with
> similar records who have been found guilty of similar conduct; and

> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "District judges maintain an 'obligation to provide reasons' in both

sentencing-modification decisions, and traditional sentencing decisions." *Jones*, 980 F.3d at 1112

(citations omitted).

> District courts should consider all relevant § 3553(a) factors before rendering a
> compassionate release decision. But as long as the record as a whole demonstrate
> that the pertinent factors were taken into account by the district court, a district
> judge need not specifically articulate its analysis of every single § 3553(a) factor.

*Id.* at 1114 (internal quotations and citations omitted).

Defendant's criminal history only includes one conviction for resisting or obstructing an

officer from 1993. However, the facts underlying his instant conviction are disturbing. He met a

- 6 -

14-year-old girl online, picked her up from her home in Saginaw, Michigan and drove her to his residence in Fort Atkinson, Wisconsin for a week. ECF No. 26 at PageID.213–14. According to the Government, "[h]e shared a bed with her, kissed her on the neck and lips, and fondled her intimate parts over her clothing. [His] abuse and grooming only ended when the girl reached out to friends and police located her using the IP Address of her device, rescuing her and arresting Werner." *Id.* Defendant has served about four years of an over ten-year sentence. In addition, Werner has refused sex offender treatment offered by the BOP,[3] despite his documented struggle with his sexual desires, including those outside the instant offense.[4] Defendant included several character references with his motion. ECF No. 24 at PageID.207–09. Any efforts Defendant is taking to better his life are commendable. However, they do not erase his actions. The severity of the offense, the fact that Defendant has served less than half of his sentence, and his unwillingness to engage in therapy suggest that Defendant must complete the remainder of his sentence prior to release.

## II.

Defendant also filed a motion seeking to seal this Court's order. ECF No. 31. Defendant explains that other inmates have access to LexisNexis and that other sex offenders housed at Milan have been attacked by fellow inmates, despite the BOP's amended discipline policy. While this Court is concerned about Defendant's safety, this Court is unaware of any legal precedent that would require this order to be sealed, especially when Defendant's indictment, conviction, and other files on the docket include the details of the underlying offense. Defendant's Motion to Seal will be denied.

---

[3] As documented by the BOP. ECF No. 26-2.
[4] As discussed in Defendant's presentence report.

**III.**

Accordingly, it is **ORDERED** that Defendant's Motion for Compassionate Release, ECF No. 24, is **DENIED**.

It is further **ORDERED** that Defendant's Motion to Seal, ECF No. 31, is **DENIED**.

Dated: February 1, 2021                                     s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **James Werner** #10902-090, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels,
P.O. BOX 1000,
MILAN, MI 48160 by first class U.S. mail on February 1, 2021.

s/Kelly Winslow
KELLY WINSLOW, Case Manager